UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIANA LEI PORTER,<br><br>Plaintiff,<br><br>v.<br><br>YUBA CITY POLICE DEPARTMENT,<br><br>Defendant. | No. 2:20-cv-1554 KJM DB PS<br><br><br><br>ORDER |

Plaintiff Quiana Lei Porter is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about an assault that occurred during an arrest.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma

1    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

2    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

3    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

4    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

5    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

6    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

7    IFP because it appears from the face of the amended complaint that McGee's action is frivolous

8    or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

9    District Court to examine any application for leave to proceed in forma pauperis to determine

10   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

11   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

12        Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

13   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

14   state a claim on which relief may be granted, or seeks monetary relief against an immune

15   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

16   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

17   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

18   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

19   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

20        To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

21   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

22   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

23   true the material allegations in the complaint and construes the allegations in the light most

24   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

25   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

26   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

27   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

28   ////

conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the complaint alleges that on August 1, 2018, "CLIENT WAS ASSAULTED BY YCPD." (Compl. (ECF No. 1) at 2.) That "MULTIPLE OFFICERS WERE GRABBING HER AND THREW HER TO THE GROUND," and that a male officer "GRABBED HER BREASTS AND PUT IT BACK INTO HER SHIRT." (Id.) The complaint, however, does not clearly articulate what actions at issue involved the plaintiff, fails to allege a claim, and fails to state the elements of a claim.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. A review of plaintiff's complaint finds that it is deficient in several respects.

The complaint does make a vague and conclusory allegation of assault. (Compl. (ECF No. 1) at 2.) "'A civil action for assault is based upon an invasion of the right of a person to live without being put in fear of personal harm.'" Thing v. La Chusa, 48 Cal.3d 644, 649 (Cal. 1989)

3

1    (quoting Lowry v. Standard Oil Co., 63 Cal.App.2d 1, 7 (1944)).  "The elements of civil assault
2    are: demonstration of an unlawful intent by one person to inflict immediate injury on the person
3    of another then present."  Steel v. City of San Diego, 726 F.Supp.2d 1172, 1189 (S.D. Cal. 2010).
4    When an assault claim is alleged against a police officer the plaintiff must prove that the officer
5    used unreasonable force.  See Avina v. United States, 681 F.3d 1127, 1130-31 (9th Cir. 2012).
6        In this regard it may be that plaintiff is attempting to allege a claim of excessive force.  To
7    state a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment due to the excessive
8    use of force, a complaint must allege that the amount of force used by a police officer was not
9    objectively reasonable in light of the totality of the circumstances facing the officer, taking into
10   account a range of factors to assess the amount of force used and the governmental interests at
11   stake.  See Graham v. Conner, 490 U.S. 386, 396 (1989); Moss v. U.S. Secret Service, 711 F.3d
12   941, 966 (9th Cir. 2013).  "[T]he most important single element" of the Graham framework is
13   "whether the suspect poses an immediate threat to the safety of the officers or others."  Moss, 711
14   F.3d at 966 (quoting Chew v. Gates, 27 F.3d 1432, 1441 (9th Cir.1994)).
15       However, the only defendant named in the complaint is the Yuba City Police Department.
16   (Compl. (ECF No. 1) at 1.)  "In Monell v. Department of Social Services, 436 U.S. 658 (1978),
17   the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a
18   theory of respondeat superior for the actions of its subordinates."  Castro v. County of Los
19   Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc).  In this regard, "[a] government entity
20   may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity
21   can be shown to be a moving force behind a violation of constitutional rights."  Dougherty v. City
22   of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).
23       Thus, municipal liability in a § 1983 case may be premised upon:  (1) an official policy;
24   (2) a "longstanding practice or custom which constitutes the standard operating procedure of the
25   local government entity;" (3) the act of an "official whose acts fairly represent official policy such
26   that the challenged action constituted official policy;" or (4) where "an official with final policy-
27   making authority delegated that authority to, or ratified the decision of, a subordinate."  Price v.
28   Sery, 513 F.3d 962, 966 (9th Cir. 2008).

1    To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, plaintiff's complaint fails to allege any of the necessary elements for a Monell claim or claim of excessive force.

**II.    Leave to Amend**

For the reasons stated above, plaintiff's complaint must be dismissed.  The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

1     Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend
2  would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted
3  leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file
4  an amended complaint "the tenet that a court must accept as true all of the allegations contained
5  in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause
6  of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.
7  "While legal conclusions can provide the complaint's framework, they must be supported by
8  factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line
9  from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

10     Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
11  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
12  in itself without reference to prior pleadings.  The amended complaint will supersede the original
13  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
14  just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
15  and identified in the body of the complaint, and each claim and the involvement of each
16  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
17  must also include concise but complete factual allegations describing the conduct and events
18  which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed August 3, 2020 (ECF No. 1) is dismissed with leave to amend.[1]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil

////

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

      3.  Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: November 11, 2020                     /s/ DEBORAH BARNES
                                                           UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.