UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Quiana Lei Porter, | No. 2:20-cv-01554-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Yuba City Police Officers Hansen, Hurado, Jensen, Eshman, and DOES 1-25, | |
| Defendant. | |

Plaintiff Quiana Lei Porter brings this action under 42 U.S.C § 1983, alleging the named Yuba City Police Officers violated her Fourth and Fourteenth Amendment rights by using excessive force and unlawfully detaining her during an arrest in 2018.  The officers move to dismiss the operative complaint.  For the reasons below the motion is **granted in part and denied in part**.

I.      BACKGROUND

Yuba City Police Officers arrested Porter outside her brother's home in August 2018, Second Am. Compl. (SAC) ¶ 12, ECF No. 19, on suspicion of being drunk in public and resisting arrest, *id*. ¶ 21.  Porter claims the officers grabbed and "pummeled" her. *Id*. ¶¶ 12–15.  Defendant Hansen also choked her. *Id.* ¶ 15.  During the struggle, Porter's breasts were exposed, and she was handcuffed. *Id*. ¶¶ 17–18.  She was "exposed for what seemed like an hour" until a "male

/////

1

officer [ ] grabbed [her] exposed breasts without her consent and placed them in her shirt." *Id.* ¶¶ 19–20.  The Sutter County District Attorney did not pursue any charges against her. *Id.* ¶ 23.

Acting pro se, Porter filed a complaint against the Yuba City Police Department and fifty Doe Defendants in this court.  *See generally* Compl., ECF No. 1.  She did not identify any of the officers involved by name, but she identified the date and time of the arrest and described what had happened.  *Id*.  She later retained counsel, who filed an amended complaint on her behalf, but the amended complaint did not list any officers by name.  *See generally* First Am. Compl., ECF No. 7.  In May 2021, Porter attempted to file her second amended complaint, ECF No. 12, but the court struck the filing, as it did not comply with the Federal Rules of Civil Procedure, ECF No. 14.  Porter then moved to amend her complaint., Mot. Am. Compl. at 1, ECF No. 15, and the court granted her motion.  Order (July 20, 2021), ECF No. 18.  Porter then filed her Second Amended Complaint, which is the operative complaint.

The Second Amended Complaint names only the individual officers as defendants: Officers Hansen, Hurardo, Jenson and Eshman[1] and twenty-five Doe Defendants.[2]  *See generally* SAC.  Plaintiff brings three claims under 42 U.S.C § 1983: 1) excessive force in violation of her Fourth Amendment Rights; 2) false arrest in violation of her Fourth Amendment Rights; and 3) unlawful detention in violation of her Fourteenth Amendment Rights.  *Id.*

Defendants now move to dismiss.  Mot. to Dismiss (MTD), ECF No. 20.  Plaintiff opposes.  Opp'n, ECF No. 23.  Defendants replied.  Reply, ECF No. 26.  The court now submits the matter for decision.

---

[1] In the motion to dismiss, defendants clarify that Porter's spelling of two of the officer's names is incorrect.  Jurardo is properly spelled Hurardo and Eshman should be Escheman.

[2] If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds.  *Id*. at 642.  The Federal Rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint.  Fed. R. Civ. P. 4(m).

## II.   LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.  ANALYSIS

Defendants move to dismiss on four grounds. First, defendants argue the complaint must be dismissed because the claims against the individual officers are barred by the statute of limitations. MTD at 4–5. A district court may grant a motion to dismiss based on an affirmative defense, such as a statute of limitations, only if the "defense is obvious on the face of a complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Here, the defendants argue the Second Amended Complaint is untimely on its face because it does not relate back to the filing of the original complaint. MTD at 5.

Federal Rule of Civil Procedure 15 governs amendments to the pleadings and their timeliness. Under that rule, "if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules." *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014); Fed. R. Civ. P. 15(c)(1)(A).[3] All of plaintiff's claims here arise under 42 U.S.C. § 1983. Because § 1983 does not have its own

---

[3] The court declines to find Porter's failure to directly mention the California relation back standard in her brief as a concession regarding its application in this case. *See* Reply at 2.

3

statute of limitations, "federal courts apply the forum state's statute of limitations for personal injury actions." *Butler*, 766 F.3d at 1198. "Where, as here, an amendment does not add a 'new' defendant, but simply corrects a misnomer by which an 'old' defendant was sued, [California] case law recognizes an exception to the general rule of no relation back." *Shidler v. Cty. of San Bernardino*, No. 19-503, 2020 WL 10224752, at *3 (C.D. Cal. July 28, 2020) (alterations in original internal quotation marks omitted) (quoting *Hawkins v. Pac. Coast Bldg. Prods., Inc.*, 124 Cal. App. 4th 1497, 1503 (2004)). This exception applies if the plaintiff was "genuinely ignorant of the defendant's identity at the time the original complaint was filed." *Id.* (citing *Butler*, 766 F.3d at 1202 (citation omitted)).

Here, Porter included Doe defendants in her first pro se complaint as placeholders for the officers involved in Porter's arrest. The record shows she was ignorant of the officers' names and sought leave to amend after retaining counsel who was able to obtain some of the officers' names. Mot. Am. Compl. at 1. Given these facts, the court finds the operative complaint relates back to Porter's original, timely filing.

Second, defendants argue the complaint should be dismissed for Porter's failure to comply with Rule 4(m), providing for service of process. MTD at 7; *see also* Fed. R. Civ. P. 12(b)(4) & (5) (permitting motions to dismiss for "insufficient process" and "insufficient service of process"). Porter concedes the officers were not served within 90 days of the original complaint's filing date but asks the court to exercise its discretion to retroactively extend the deadline for service. *See* Opp'n at 8–9.

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause exists if "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citation omitted). "[E]ven without a showing of good cause, a district court may utilize its 'broad' discretion to extend the time for service."

4

*United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).  A summons was issued to the individual named officers in May 2021, ECF No. 13, when Porter first filed the amended complaint, which the court struck.  A new summons was not issued after the court approved the filing of plaintiff's operative amended complaint in July 2021, but defendants do not dispute they have had notice of the amended complaint's contents; they will not suffer any prejudice if the deadline to complete service is extended.[4]  On the other hand, prejudice to the plaintiff would be extreme absent relief.  The court declines to dismiss the complaint on this basis and exercises its discretion to extend the time for service to the last date on which service was actually effected on a named defendant.

        Third, defendants argue the complaint should be dismissed because it does not sufficiently state a claim by alleging "which officers . . . performed which actions."  MTD at 8–9.  Porter alleges Officer Hansen choked her.  SAC ¶ 15.  She does not describe exactly what each other officer did, but she does explain that a "male officer" grabbed her exposed breasts, *id.* ¶ 20, and "all of the named [d]efendant officers" "pummeled" her, *id.* ¶ 15.  The operative complaint thus states a plausible claim against all of the individual officers as participants in the alleged excessive force and arrest.  *See Johnson v. Shasta Cty.*, 83 F. Supp. 3d 918, 927 (E.D. Cal. 2015) (denying motion to dismiss because plaintiffs alleged "each defendant participated in the raid of their home, held them at gunpoint, handcuffed plaintiffs . . . and held plaintiffs in custody for four hours").  The court denies the motion on these grounds as well.

        Lastly, defendants move to dismiss the Fourteenth Amendment unlawful detention claim as duplicative of the Fourth Amendment false arrest claim.  MTD at 9.  Plaintiff concedes these claims are duplicative.  Opp'n at 9.  Accordingly, the Fourteenth Amendment claim is dismissed without leave to amend.

---

[4] Although there is no entry on the court's docket reflecting summons have been returned as executed, the parties agree service was effected.  *See* MTD at 7 (noting "[plaintiff] did not serve the officers until 2021"); Opp'n at 8 (asking that "summons already served on the Defendants [be] deemed timely"); *see also* Defs.' Status Report, ECF No. 24, at 2; Pl.'s Status Report, ECF No. 25, at 4.  It is of course plaintiff's obligation to ensure that service of the operative complaint is properly effected and documented.

IV. **CONCLUSION**

The Fourteenth Amendment unlawful detention claim is **dismissed without leave to amend**. The motion to dismiss is **otherwise denied and defendants' answer to the complaint is due within 21 days of the filed date of this order.**

The clerk is directed to correct the caption to use the correct spellings of the last names of defendants Jurardo and Escheman.

This order resolves ECF No. 20.

IT IS SO ORDERED.

DATED: November 4, 2021.

CHIEF UNITED STATES DISTRICT JUDGE