UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Quiana Lei Porter, | No. 2:20-cv-01554-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Yuba City Police Officers Hansen, Jurado, Jensen, Escheman, *et al.*, | |
| Defendants. | |

Plaintiff Quiana Lei Porter brings this civil rights action against several Yuba City Police Officers. She moves for leave to amend her complaint. Porter has not shown she has diligently attempted to meet the deadlines in the court's scheduling order. As a result, **the court denies the motion to amend.**

**I.    BACKGROUND**

Prior orders detail the background of this case, *see* ECF Nos. 44, 28, so a short summary suffices here. On July 31, 2018, several Yuba City police officers arrested Porter outside her brother's home. Third Am. Compl. at 3–4, ECF No. 46. Porter later filed a complaint against the Yuba City Police Department and fifty Doe defendants. Compl., ECF No. 1. After three

amendments to her complaint, the case is now proceeding against four individual officers: defendants Hansen, Jurado,[1] Jenson, and Escheman. *See generally* Third Am. Compl..

Discovery has closed. *See* Mins. & Bench Order, ECF No. 29. Porter now asks for permission to amend her complaint once more. She would substitute two police officers, Sowles and Bisland, for two Doe defendants. Mot. to Am., ECF No. 49. She explains that she only confirmed the two officers' involvement in her arrest during a recent deposition. *See id.* at 2. The defendants oppose her motion, arguing that the initial disclosure materials, which Porter received seven months ago, established the officers' involvement. Opp'n, ECF No. 50. Porter replied. Reply, ECF No. 51.

The court held an in-person hearing on the motion on September 9, 2022.[2] William Bitner appeared for the defense. Stanley Goff did not appear. The court had planned to ask Mr. Goff to explain precisely what information he obtained through depositions that plaintiff could not have gleaned from the police incident reports defendants provided during initial discovery. The court typically would issue an order to show cause based on Mr. Goff's nonappearance, but exercises its discretion here merely to caution Mr. Goff that a future failure to appear may result in sanctions.

## II.   LEGAL STANDARD

Once a scheduling order is issued, a motion to amend the pleadings is governed by Rule 16's "good cause" requirement. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). That requirement "primarily considers the diligence of the party seeking

/////

---

[1] Defendant Jurado's name has been misspelled by the parties and the misspelling is reflected on the court's docket. As confirmed by the incident reports, *see* Inc. Rep. at 4, Opp'n, ECF No. 50-1, and at the September 9 hearing, the correct spelling is Jurado. The parties are **directed** to use the correct spelling in future filings, and the court **requests** the Clerk of Court correct the spelling of the defendant's name on the docket.

[2] The court for some time now has been holding all hearings in person, as its published calendars indicate. It will entertain timely requests for videoconference hearings if those requests comply with the court's published procedures for making such requests.

1   the amendment." *Johnson*, 975 F.2d at 609.  To prove diligence, the moving party must establish:

> (1) that she was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Martinez-Sanchez v. Anthony Vineyards, Inc.*, No. 19-1404, 2020 WL 7360579, at *3 (E.D. Cal. Dec. 15, 2020).  This inquiry focuses on "the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (internal citation omitted).  Ordinarily, a party cannot meet this standard if it has long been aware "of the facts and law" that support its motion.  *Lambey v. California Dept. of Ins.*, No. 11-2392, 2013 WL 3992132, at *2 (E.D. Cal. Aug. 1, 2013).

**III.   ANALYSIS**

Porter argues that she could not have sought leave to amend before a recent deposition was complete.  *See* Mot. at 5.  Before that deposition, she explains, she could not "determine exactly how both Sowles and Bisland were involved in the violation of [her] rights." *Id.*  In response, the defendants argue that Porter received sufficient information about Sowles and Bisland from their initial disclosures.  Opp'n at 2–3.  Those initial disclosures included incident reports from both Sowles and Bisland.  *Id.* at 2.  But Porter argues that the two officers' "exact role" was unclear despite those reports.  Reply at 3.  She claims that their roles remained unclear until after she reviewed a video of her arrest with the defendants during their depositions.  *Id.*

This explanation is unpersuasive after comparing the incident reports with Porter's proposed amendments.  In the absence of a more specific explanation, these amendments are the only concrete explanation of what she learned during discovery.  In her proposed fourth amended complaint, Porter alleges that Sowles (1) "knocked [her] phone from her hand to prevent her from continu[ing] to record the officers," (2) announced she was under arrest, (3) "shut off the dash camera manually," (4) "grabbed [her] exposed breasts without her consent and placed them in her shirt," and (5) used "unreasonable and excessive force" to drag her to the ground.  Proposed

Fourth Am. Compl. at 5, 6, & 9, Mot., ECF No. 49-1.  But the incident reports identify Sowles as the person responsible for several of these actions.  Sowles' report states that he identified an issue with the in-car camera, forced Porter to the ground, handcuffed her, and requested permission to pull her shirt over her exposed breast.  Inc. Rep. at 15, 16, Opp'n, ECF No. 50-1.

Next, Porter's proposed fourth amended complaint alleges Bisland "intentionally applied" force to the side of her face "to purposely cause her pain, despite the fact that she was not resisting."  Proposed Fourth Am. Compl. at 5, 9.  But Bisland's incident report discloses that he "implemented a hypoglossal pressure point (a pressure point located behind the jaw) until pain compliance was met."  Inc. Rep. at 8.

In sum, Porter points to no significant differences between what she learned during the recent depositions and what the officers disclosed to her seven months ago.  As a result, she has not shown that she diligently sought leave to amend her complaint.

### IV.  CONCLUSION

The court **denies the motion to amend (ECF No. 49)**.

IT IS SO ORDERED.

DATED: September 14, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE