UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Quiana Lei Porter,<br><br>    Plaintiff,<br><br>    v.<br><br>Yuba City Police Officers Escheman, Hansen, Jensen, Jurado, et al.<br><br>    Defendants. | No. 2:20-cv-01554-KJM-DB<br><br>ORDER |

Plaintiff Quiana Porter brings this action under 42 U.S.C. § 1983 against several Yuba City Police Officers. Named defendants Officers Escheman, Hansen, Jensen and Jurado move for summary judgment on statute of limitations grounds, or in the alternative, summary adjudication on plaintiff's claims. Porter moves to strike the motion for summary judgment for not seeking leave of court to file a successive motion for summary judgment. For the reasons below, the court **grants defendants' motion** and **denies plaintiff's motion.**

I.      BACKGROUND

On July 31, 2018, Yuba City police officers arrested Porter. Defs.' Resp. to Pl.'s Statement of Disputed Facts (SDF) ¶¶ 1, 10, ECF No. 74-1; Pl.'s Resp. to Defs.' Statement of Undisputed Fact (SUF) ¶¶ 1, 6, ECF No. 63. Porter started recording the officers with her phone before being arrested. SUF ¶ 4; SDF ¶ 7. The video shows six officers. Defs.' Video, ECF No.

57-4; Pl.'s Video, ECF No. 72 (collectively, Video).[1]  Throughout the video, Porter asks the officers for their names and badge numbers.  *See generally* Video; SDF ¶ 8.  The named defendants— Escheman, Hansen, Jensen and Jurado—gave their names in response.  Video at 00:02–01:06.  The video footage ends moments after an officer tells Porter she is under arrest, but records about twenty more seconds of audio.  *Id.* at 01:22–1:45.

On August 3, 2020, a little more than two years after her arrest, Porter filed a pro se complaint against Yuba City Police Department and fifty Doe defendants.  Compl., ECF No. 1.  The complaint did not identify any officers by name.  *Id.*  Porter then retained counsel and filed an amended complaint, but again, did not name any individual officers.  First Am. Compl. (FAC), ECF No. 7.  After the case had been pending for almost a year, Porter moved to amend the complaint to correct "certain facts" and to name defendant officers whose names Porter obtained after retaining counsel.  Mot. Amend at 2, ECF No. 15.[2]

The court granted the motion, Prior Order (July 20, 2021), ECF No. 18, and Porter filed a second amended complaint naming defendants Escheman, Hansen, Jensen and Jurado for the first time.  Second Am. Compl. (SAC), ECF No. 19.  Defendants moved to dismiss the complaint, and argued, among other things, that Porter's claims are barred by the statute of limitations.  Mot. Dismiss at 4–5, ECF No. 20-1.  The court denied the motion because the record at the time suggested Porter was "ignorant of the officers' names and sought leave to amend after retaining counsel who was able to obtain some of the officers' names."  Prior Order (Nov. 4, 2021) at 4, ECF No. 28.  Given Porter's alleged ignorance, the court found the operative complaint related back to Porter's original filing and her claims were timely.  *Id.*  The parties then completed initial discovery disclosures and Porter deposed Escheman, Hansen, Jensen and Jurado.  SUF ¶ 15.

In January 2022, Porter moved to amend her second amended complaint, Second Mot. Amend, ECF No. 33, and defendants moved for summary judgment on statute of limitation grounds, Mot. Summ. J., ECF No. 35.  The court granted Porter's motion to amend and denied

---

[1] Defendants and plaintiff lodged the video footage with the court in disc and USB format.
[2] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

2

defendants' motion for summary judgment. Prior Order (May 6, 2022), ECF No. 44. Although the court found Porter knew the names of the defendants when she filed the initial complaint, the court concluded the statute of limitations did not bar her claims because "she did not know each officer's role in her injuries." *Id.* at 7. The court was persuaded by a sister district court's analysis in *Kestler v. City of Santa Rosa*, No. 15-01361, 2016 WL 3091674 (N.D. Cal. June 2, 2016), and after construing the record in Porter's favor as required, the court found she added the officers' names in her second amended complaint "after she and her counsel 'reviewed the relevant evidence.'" *Id.* at 9 (citing Prior Order (July 20, 2021) at 1).

Porter then filed a third amended complaint, which remains the operative complaint. Third Am. Compl. (TAC), ECF No. 46. In early August 2022, almost two years after filing the initial complaint, Porter then moved to amend the complaint yet again to substitute two named officers for two Doe defendants. Third Mot. Amend, ECF No. 49. Porter alleged she could not have sought leave to amend before deposing the named defendants because she could not determine exactly how or whether the two officers violated her rights. *Id.* at 5. The court held an in-person hearing on the motion and planned to ask Porter's counsel to explain what information he had obtained in the deposition that he could not have obtained through the police reports provided during initial discovery. Prior Order (Sept. 14, 2022) at 2, ECF No. 54. Counsel did not appear. Mins. Mot. Hr'g, ECF No. 52. The court denied the motion after finding Porter had "not shown that she diligently sought leave to amend her complaint." Prior Order (Sept. 14, 2022) at 4.

Before the court denied plaintiff's motion to file a fourth amended complaint, defendants had filed a first motion for summary judgment. Mot. Summ. J. After the court denied the motion, defendants deposed Porter. Deposition of Quiana Porter (Porter Dep.), Bittner Decl. Ex. A, ECF No. 57-3. The following is an excerpt from Porter's deposition transcript:

> Q: In your declaration, you stated that when you filed your original complaint, you were not aware of what role each of the defendant officers played in your injuries. You said you have become aware, since then, of the role that they played. How did you become aware?

> A: [I] talked with my counsel. . . . I didn't review the video for a very, very long time, because of the trauma that had ensued to me. So as time had passed, I became aware, because I started watching the video, I started having conversations and talking about it again and – and recollecting.
>
> Q: So you watched the video?
>
> A. Uh-huh.
>
> Q. And you also had new memories?
>
> A. Not new memories. Just recalling.

*Id.* 99:15–100:6. Following the deposition, the defendants again move for summary judgment on statute of limitations grounds, or in the alternative, summary adjudication on Porter's claims. Second Mot. Summ. J. (Mot.), ECF No. 57-1. Porter opposes. Opp'n, ECF No. 60.[3] Defendants replied. Reply, ECF No. 74.

The parties agree Porter "clarified she became aware of the role that each of the defendant officers played in her injuries by watching her cell phone video." SUF ¶ 16. However, in support of her opposition to the motion for summary judgment, Porter declares:

> [D]uring my deposition . . . , the "old memory" that I testified that I recalled, referred solely to the events leading up to the incident of police misconduct, but not the facts of the misconduct itself or what role that any of the officers played in the police misconduct.

Declaration of Quiana Porter (Porter Decl.) ¶ 19, ECF No. 61. Porter further declares she had "no idea" what role each defendant played until she discussed the event with her counsel and son, who witnessed the incident. Porter Decl. ¶ 20.

Porter moves to strike defendants' motion for summary judgment for not obtaining leave of court prior to filing their motion. Mot. Strike, ECF No. 58. Defendants oppose. Opp'n Mot. Strike, ECF No. 59. Porter replied. Reply Mot. Strike, ECF No. 73. The court addresses the motion to strike first.

---

[3] The court accepts the plaintiff's late filing, resolving ECF No. 71. *See* Fed. R. Civ. P. 6(b); Local Rule 144(c).

**II.    MOTION TO STRIKE**

Porter moves to strike defendants' motion for summary judgment and argues defendants violated Federal Rule of Civil Procedure 56 by filing a successive motion for summary judgment without leave of court. Mot. Strike at 3. In support, Porter cites an Initial Standing Order of a Judge in the Central District of California. *Id.* (citing *Bouyer v. 501-541 Glenoaks LLC*, No. 21-02731, 2021 U.S. Dist. LEXIS 145392 (C.D. Cal. Apr. 8, 2021)). Nothing in Rule 56, Fed. R. Civ. P., this District's local rules, *see generally* E.D. Cal. L.R., or this court's standing order, *see generally* Standing Order, ECF No. 11-1, prohibits successive motions for summary judgment without leave of court.

"Federal Rule of Civil Procedure 56 does not limit the number of motions that may be filed." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). The Ninth Circuit has explicitly held "district courts have discretion to entertain successive motions for summary judgment." *Id.* "[A] successive motion for summary judgment is particularly appropriate on an expanded factual record." *Id.*; *see also Powers v. Devereaux*, 20 F. App'x 708, 709 (9th Cir. 2001) (unpublished) ("A court may consider successive summary judgment motions on the same issue.").

Here, defendants have new deposition testimony—i.e., new evidence—to support their successive motion for summary judgment. They did not need leave of court to file the motion. Further, defendants set the motion before the expiration of the deadline to hear all dispositive motions. *See* Prior Order (Oct. 3, 2022), ECF No. 56 (continuing dispositive motions hearing deadline to December 9, 2022); *cf. Allianz Sigorta, S.A. v. Ameritech Indus.*, 2017 U.S. Dist. LEXIS 117271, *14 (striking a party' motion for summary judgment for not abiding by the court's pretrial scheduling order).

Accordingly, the court **denies** Porter's motion to strike.

**III.    MOTION FOR SUMMARY JUDGMENT**

    **A.    Legal Standard**

A court may grant summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

moving party bears the initial burden of showing the district court "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Id.* at 587–88.

To prevail based on an affirmative defense—i.e., statute of limitations—at summary judgment, defendants must prove the defense in question is "beyond controversy." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted). Specifically, they must prove "no reasonable jury could fail to find that the defense had been established." *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 (9th Cir. 1997). Conversely, a plaintiff "can defeat summary judgment by demonstrating the evidence, taken as a whole, could lead a rational trier of fact to find in its favor." *S. Cal. Gas*, 336 F.3d at 888.

**B.     Analysis**

Defendants again argue Porter's claims against the individual officers are untimely and are barred by the statute of limitations. Mot. at 10. Porter was injured on July 31, 2018. SUF ¶ 1. Porter filed her initial complaint on August 3, 2020. Compl. For § 1983 claims, federal courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling," so long as the law is not "inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal citations and marks omitted).

**1.     The Original Complaint Was Timeley**

The relevant statute of limitations for Porter's claims in California is two years. *See* Cal. Civ. Proc. Code § 335.1. Porter was arrested on July 31, 2018. SUF ¶ 1. She filed her original complaint on August 3, 2020 three days after the expiration of the two-year statutory period, which would have been July 31, 2020. *See* Prior Order (May 6, 2022) at 4. However, the statute of limitations for Porter's 1983 claims period was tolled by the emergency rules promulgated by the Judicial Council of California in response to the COVID-19 pandemic. *Id.* at 4–5 (finding the

statute of limitations for Porter's claims was tolled from April 6, 2020 to October 1, 2020). Because the three days are covered by the emergency tolling of the limitation period, Porter's original complaint was timely.

### 2. Claims Against Defendants Do Not Relate Back

Although the original complaint was timely, Porter did not name any of the individual defendants in her original or first amended complaint. *See* Compl.; FAC. Porter did not name the defendants until she filed her second amended complaint in mid-2021, long after the extended emergency statute of limitation period expired. *See* SAC.

Federal Rule of Civil Procedure 15 governs the resolution of whether Porter's amended complaint relates back to her original complaint. *See* Fed. R. Civ. P. 15; Prior Order (May 6, 2022) at 5. Under Rule 15, an amendment relates back to a previous pleading if it would do so "under the state law that provides the applicable statute of limitations, . . . even if the amendment would not otherwise relate back under the federal rules." *Butler*, 766 F.3d at 1200 (citation omitted).

The general rule under California law "is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint." *Woo v. Super. Ct.*, 75 Cal. App. 4th 169, 176 (1999). However, an exception exists under California's Code of Civil Procedure section 474 for the substitution of "a new defendant for a fictitious Doe defendant." *Id.* at 176. For the exception to apply, a plaintiff must "actually be ignorant of the name or identity of the fictitiously named defendant at the time the complaint is filed." *Optical Surplus, Inc. v. Super. Ct.*, 228 Cal. App. 3d 776, 783 (Ct. App. 1991). A plaintiff's ignorance "should be real and not feigned," *Scherer v. Mark*, 64 Cal. App. 3d 834, 841 (Ct. App. 1976), and extends to situations where a plaintiff "knew the identity of the person but was ignorant of the facts [supporting] a cause of action against the person," *Optical Surplus, Inc.*, 228 Cal. App. 3d at 783 (internal citation and marks omitted).

#### a) Plaintiff Knew the Names of the Defendants

In its prior order denying the defendants' motion for summary judgment, this court found plaintiff knew the names of the defendants prior to filing her original complaint. Prior Order

7

(May 6, 2022) at 6. It is undisputed Porter recorded the officers with her cellphone when they provided her with their names. SUF ¶ 17. No evidence suggests Porter lacked access to the cellphone video when she filed her original complaint. *Id.* ¶ 18. Under the California Court of Appeal's opinion in *Woo*, which the Ninth Circuit followed in *Butler*, 766 F.3d at 1202, "if the plaintiff knows the defendant's identity and then forgets it at the time the complaint is filed, to use the section 474 relation-back doctrine . . . plaintiff must have at least reviewed readily available information likely to refresh his or her memory." *Woo*, 75 Cal. App. 4th at 180. "[I]f the defendant can be identified from the readily available information, then section 474 is unavailable." *Id.* Here, reviewing the video before filing her original complaint would have refreshed Porter's recollection of the officer's names.

### b) Plaintiff Knew the Role Each Defendant Played in Her Injuries

Previously, the court found that even if Porter knew the defendants' names, her claims could still relate back if she did not know the role each defendant played in her injuries at the time she filed her initial complaint. Prior Order (May 6, 2022) at 8–9. The court was ultimately persuaded by a sister district court's analysis in *Kestler*, 2016 WL 3091674. In *Kestler*, the plaintiff alleged he was "unaware of the roles each of the individual officers played" when he filed his original complaint and stated the "nature of [defendant officer's] use of force was uncertain" prior to an officer's deposition. *Id.* at *2. The court there found "listing the officers whose names appeared in the incident report as having attacked [plaintiff] – does not establish that Plaintiff knew the specific facts as to [the officer's] involvement at the time of filing" the initial motion. *Id.* Similarly, this court concluded Porter "knew only that a group of officers was involved when she filed her original complaint" and added the individual defendants' names "after she and her counsel 'reviewed the relevant evidence.'" Prior Order (May 6, 2022) at 8–9 (quoting Prior Order (July 20, 2021)).

Defendants now argue Porter's recent deposition testimony makes this case "starkly distinct from *Kestler*." Mot. at 12. Defendants contend Porter was not "genuinely ignorant" of the defendants' role in her injuries at the time she filed her original complaint, "because she had all the information she needed in her memory and simply needed to recall it." *Id.* The court

8

agrees. During Porter's deposition, defendants asked Porter how she became aware of the role each defendant played in her injuries. Porter Dep. 99:15–20. Porter responds she did not review the video footage for a long time because of her trauma, but "became aware" as time passed and she spoke with her counsel, watched the video and had conversations about the incident. *Id.* 99:21–100:2. She states she then recalled her memories. *Id.* 100:6.

Unlike in *Kestler*, Porter did not learn entirely new facts that alerted her to the role each defendant played in her injuries. *Cf. Scherer v. Mark*, 64 Cal. App. 3d 834, 841 (Ct. App. 1976) (finding section 474 was unavailable to a plaintiff in part because "[n]owhere in any pleadings or declarations did plaintiff ever say what *new facts* she discovered" (emphasis in original)). As the defendants point out, Porter named the individual officers prior to receiving defendants' initial disclosures and before deposing the defendants. Mot. at 13; *see* SAC. She does not allege her counsel obtained police reports or other evidence pertaining to the officers' relationships to her injuries after filing her complaint. Unlike the roles of the other two officers she allegedly discovered through the named officers' depositions, *see* Third Mot. Amend, Porter did not obtain new information about the named officers outside of information already existing in her memories, which were then refreshed by reviewing the cellphone video.[4]

At hearing, Porter argued the new information she received was from her son, who was an eyewitness to the event. *See* Porter Decl. ¶ 20. Porter argues she did not fully know the roles each officer played until she talked to her son several months after filing the initial complaint. *See id.* However, Porter does not claim her son is the one who informed her of the roles each officer played. Rather, she testified under oath that she recalled the events from her arrest and became aware of the officers' roles by watching the video and remembering the incident. *See* Porter Dep. 99:21–100:6. Both parties agree Porter "clarified she became aware of the role that each of the defendant officers played in her injuries by watching her cell phone video." SUF

---

[4] Had Porter diligently sought leave to amend her complaint to add the two officers, she may have been able to show her claims as to those officers related back to the original complaint. *See* Prior Order (Sept. 14, 2022). However, Porter did not seek to add the two officers until two years after filing her original complaint and well after initial disclosures. Further, Porter's counsel did not appear before the court to explain what information Porter obtained that she could not have gleaned during initial discovery.

1  ¶ 16. Nothing in the record indicates the video was not readily available to her at all times. Thus,
2  reviewing the video before filing her original complaint would have refreshed her recollection of
3  the roles each officer played in her injuries. Under California law, because Porter "did not avail
4  herself of readily available information that would have refreshed her recollection of" each
5  defendant's identity and role, "she is not entitled to use section 474 to amend her complaint after
6  the statute of limitations has run." *Woo*, 75 Cal. App. 4th at 180.

                      **c)  Plaintiff's Declaration Does Not Create an Issue of Material Fact**

8  Porter opposes and cites to her declaration, in which she avers the "old memory" she
9  referenced at the deposition "referred solely to the events leading up to the incident of police
10 misconduct, but not . . . what role that any of the officers played in the police misconduct."
11 Porter Decl. ¶ 19; *see* Opp'n at 3. She further states she had "no idea" what role each defendant
12 played until she discussed the event with her counsel and son. Porter Decl. ¶ 20.

13 Defendants argue Porter's declaration "statements are immaterial" because the material
14 fact is she became aware of defendants' role in her injuries "by accessing her video and recalling
15 her memory." Reply at 3. Defendants also argue her declaration statements should be
16 disregarded to the extent they "contradict her clear testimony." *Id.* (citing *Block v. City of Los*
17 *Angeles*, 253 F.3d 410, 419, n.2 (9th Cir. 2001)).

18 The court agrees. Under *Woo*, the relevant inquiry is whether Porter could have refreshed
19 her recollection of defendants' identity by viewing readily available information. *See Woo*,
20 75 Cal. App. 4th at 180. As explained above, the deposition transcript and Porter's agreement to
21 defendants' statements of undisputed fact establish for the purpose of summary judgment she
22 became aware of the defendants' roles by watching the video. Porter Dep. 99:24–100:6; SUF
23 ¶ 16.

24 Additionally, the court strikes Porter's declaration to the extent her statements directly
25 contradict her deposition testimony. "[A] party cannot create an issue of fact by an affidavit
26 contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266
27 (9th Cir. 1991). This rule, however, "does not automatically dispose of every case in which a
28 contradictory affidavit is introduced to explain portions of earlier deposition testimony."

1  *Id.* at 266–67.  To apply the rule, a district court must first determine that the contradiction is a
2  "sham" used to "'create' an issue of fact and avoid summary judgment." *Id.* at 267.  Then, the
3  court must determine the inconsistency is "clear and unambiguous" to justify striking an affidavit.
4  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998–99 (9th Cir. 2009).  An affidavit that
5  elaborates on, explains or clarifies deposition testimony is not a sham.  *Id.* at 999.

6        Porter's recent declaration contradicts her deposition testimony.  During her deposition,
7  defendants reminded Porter, "you stated that when you filed your original complaint, you were
8  not aware of what role each of the defendant officers played in your injuries.  You said you have
9  become aware, since then, of the role that they played." Porter Dep. 99:15–19.  Defendants
10  proceed to ask, "How did you become aware?" *Id.* 99:20.  Porter answers, "I became aware,
11  because I started watching the video, I started having conversations and talking about it again and
12  . . . recollecting." *Id.* at 99:21–100:2.  Porter now declares this answer did not refer to what roles
13  the defendants played.  *See* Porter Decl. ¶ 19.  On its face, the declaration cannot be squared with
14  her deposition testimony.  The court also notes the timing of Porter's declaration, which was
15  signed on the day Porter filed her opposition to defendants' summary judgment motion, suggests
16  Porter authored the declaration for the purpose of creating a dispute of material fact.  For these
17  reasons, the court strikes Porter's declaration.

18        **d)  The Timing of When Plaintiff Observed the Video is Immaterial**

19        Porter states she "mentally could not muster the courage to observe the video footage in
20  the cell phone" until after filing the original complaint.  Porter Decl. ¶ 18; *see* Opp'n at 3.  While
21  the court is sympathetic for any trauma she experienced, this fact is not material to the question of
22  whether she had readily available information that could have refreshed her memory.  *See Woo*,
23  75 Cal. App. 4th at 180.

24        Porter also argues she "was severely traumatized, and mentally dazed" because of the
25  incident and "due to this melee, she was not aware of what role each of these Defendant officers
26  played in her injuries, at the time she filed her original complaint." Opp'n at 6 (citing Porter
27  Decl. ¶¶ 15–20).  Again, her mental state is not material to whether she had readily available

1 information. Further, she has not provided expert testimony or other evidence to support an exception to *Woo*. *Cf. Gordon v. Mandell-Kogen*, No. B158120, 2003 WL 1735493, at *4 (Cal. Ct. App. Apr. 2, 2003), *as modified* (Apr. 16, 2003) (unpublished) (finding plaintiff's "argument that she was suffering from memory loss and was ignorant of the true name of the defendant at the time she filed the complaint is plausible in light of" a doctor's declaration attesting to her memory loss).

Here, the court finds defendants have established their statute-of-limitation defense as a matter of law. No reasonable juror could conclude Porter did not have readily available information that would have refreshed her recollection of the defendants' identities at the time of filing her initial complaint.

### IV.   CONCLUSION

Porter's claims are barred by the statute of limitations. Thus, the court must grant summary judgment in defendants' favor. *See Brand Surgical Inst. v. Aetna Life Ins. Co.*, No. 21-8642, 2022 WL 2046205, at *8 (C.D. Cal. Mar. 7, 2022) ("[T]he Court's hands are tied with respect to the statute of limitations question.").

Accordingly, **defendants' motion for summary judgment is granted**. **Plaintiff's motion to strike is denied**. The Clerk of the Court is directed to close this case.

This order resolves ECF Nos. 57, 58 and 71.

IT IS SO ORDERED.

DATED: January 9, 2023.

CHIEF UNITED STATES DISTRICT JUDGE