UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Quiana Lei Porter,<br><br>      Plaintiff,<br><br>  v.<br><br>Yuba City Police Officers Escheman, Hansen, Jensen, Jurado, et al.,<br><br>      Defendants. | No. 2:20-cv-01554-KJM-DB<br><br>ORDER TO SHOW CAUSE |

In a recent order, the court granted defendants' motion for summary judgment because plaintiff's claims against the named defendants were barred by the statute of limitations. *See* Prior Order (Jan. 9, 2023), ECF No. 81. At the December 9, 2022 hearing on the motion, the court raised generally with plaintiff's counsel Stanley Goff certain concerns it has developed concerning counsel's representation of plaintiff in this case. *See* Mins. Hr'g, ECF No. 80. The court let Mr. Goff know then it planned to issue an order to show cause; this is that order.

**I. REPRESENTATION IN THIS CASE**

First, the court notes Mr. Goff's delay in properly naming the defendant officers in plaintiff's complaint. Although plaintiff had a cell phone video recording containing the defendants' names and retained Mr. Goff as counsel before filing her first amended complaint, plaintiff, through Mr. Goff, did not name the named defendants until filing her second amended

1

complaint. *See* Second Am. Compl., ECF No. 19.[1] In filing the initial second amended complaint, Mr. Goff did not obtain leave of court as required, and so the court struck it for not complying with Federal Rule of Civil Procedure 15(a)(1). Min. Order, ECF No. 14.

Second, the court notes Mr. Goff's subsequent delay in seeking leave to file a fourth amended complaint to name two additional officers and his non-appearance at the hearing on that motion, during which the court had planned to ask focused questions regarding plaintiff's position before resolving the motion. The court denied the motion after noting Mr. Goff did not appear for the motion hearing and finding plaintiff, through Mr. Goff, did not diligently seek to amend the complaint. *See* Prior Order (Sept. 14, 2022), ECF No. 54. Claims against the two additional officers might have related back to the date of the original complaint and survived the statute of limitations bar.

Third, the court notes Mr. Goff has flatly misrepresented the law in at least one instance. In plaintiff's motion to strike, he represented that Federal Rule of Civil Procedure 56 does not permit the filing of successive summary judgment motions. *See* Mot. Strike at 2, ECF No. 58. In Mr. Goff's declaration supporting the motion, he stated under penalty of perjury, "Rule 56 of the Federal Rules of Civil Procedure expressly states that: 'No party may file more than one motion pursuant to Fed. R. Civ. P. 56.'" Decl. of Stanley Goff ¶ 5, ECF No. 58-1. But Rule 56 contains no such rule. *See* Fed. R. Civ. P. 56. Rather, Mr. Goff appears to have relied on an excerpt from a standing order of a judge in a different district, representing it as a federal rule. *See Bouyer v. 501-541 Glenoaks LLC*, 21-02731, 2021 U.S. Dist. LEXIS 145392, *1 (C.D. Cal. Apr. 8, 2021) (initial standing order of Judge Fernando Aenlle-Rocha).

Fourth, the court notes Mr. Goff's noncompliance with the standing order this court has adopted as applicable to all cases before it. Specifically, in filing the motion to strike, Mr. Goff did not comply with the court's requirement that counsel certify meet and confer efforts have been exhausted prior to filing any motions. *See* Standing Order, ECF No. 11-1 at 3. Had

---

[1] While the court does not have the exact date plaintiff retained Mr. Goff, the court notes California's emergency rules tolled the statute of limitation period for Porter's claims from April 6, 2020 until October 1, 2020, meaning with the assistance of counsel, plaintiff may have had the opportunity to identify the officers within the extended limitations period.

1  Mr. Goff engaged in meet and confer efforts, he may have quickly learned there is no rule
2  barring successive summary judgment motions in this court and saved both the court's and the
3  opposing parties' time.

4  Lastly, while the court has exercised its discretion to accept late opposition documents in
5  this case, *see* Ex Parte Appl. ¶ 2, ECF No. 71 (ex parte application to file late summary
6  judgment opposition documents due to "internet connection issues"), Mr. Goff appears to
7  engage in a pattern of late filings in cases in this district, as discussed below.

8  **II.    CONCERNING PATTERNS ACROSS CASES IN THIS DISTRICT**

9  Mr. Goff's representation in this case appears to be part of a broader pattern. The court
10 has identified five recurring patterns: 1) not responding to discovery; 2) not appearing for
11 hearings; 3) not responding to court orders; 4) not complying with local rules and standing orders;
12 and 5) presenting late filings.

13 First, the dockets of other cases reflect Mr. Goff's repeated failure to respond to discovery
14 as required, with the need for the court to enforce obligations. *See, e.g.*, *Wooten v. Butte Cnty.*,
15 No. 19-0940, 2020 WL 5257607, at *2 (E.D. Cal. Sept. 3, 2020) (finding plaintiff did not provide
16 verified responses to defendants' interrogatories); *Cardoza v. Tann*, No. 11-01386, 2015 WL
17 6437376, at *1 (E.D. Cal. Oct. 22, 2015) (discussing whether to impose sanctions for failure to
18 respond to discovery requests); *Tuggle v. City of Tulare*, No. 19-01525, 2021 WL 3472274, at *1
19 (E.D. Cal. Aug. 6, 2021) (granting monetary sanctions for "repeated failure to comply with the
20 discovery rules and discovery orders from the Court"). In one other case at least, a magistrate
21 judge of this court has sanctioned Mr. Goff for not responding to discovery. *See Garcia v. Yuba*
22 *City Sherriff's Dep't.*, 19-2621 (E.D. Cal. Aug. 2, 2021), ECF No. 51.

23 Second, Mr. Goff has failed to appear for scheduled court hearings more than once. *See,*
24 *e.g.*, Mins., *Wooten v. Butte Cnty.*, No. 19-0940 (E.D. Cal. Feb. 9, 2021), ECF No. 31
25 (nonappearance for summary judgment motions hearing); Mins., *Burke v. Ditomas*, No. 18-01578
26 (E.D. Cal. July 28, 2021), ECF No. 46 (same). The court credits Mr. Goff's appearance at the
27 most recent hearing in this case, Mins. Mot. Hr'g (Dec. 8, 2022), ECF No. 80, however, the court
28 notes his failure to appear at the motion hearing as noted above, Mins. Mot. Hr'g (Sept. 9, 2022).

1    Third, Mr. Goff has repeatedly not responded to court orders. *See, e.g.*, *Gonzalez v. Razo*, 15-01098 (E.D. Cal. May 16, 2017), ECF No. 56 (docket shows no response to court's order to show cause); *Cardoza v. Tann*, No. 11-01386 (E.D. Cal. July 17, 2015), ECF No. 103 (same); *Tuggle*, 2021 WL 3472274, at *8 (noting Mr. Goff's repeated noncompliance with court orders). In one case, the court noted his lack of response to the court's order to show cause and dismissed the case for failure to prosecute. *Costanzo v. City of Stockton*, 18-01803, 2022 WL 624871, at *1–2 (E.D. Cal. Mar. 3, 2022).

Fourth, Mr. Goff has shown a pattern of noncompliance with local rules and standing orders. *See, e.g.*, *Wooten*, 2020 WL 5257607, at *2 (noncompliance with Local Rule 251); Min. Order, *Shelton-Pryor v. City of Vallejo*, 16-00464 (E.D. Cal. Apr. 12, 2017), ECF No. 21 (noncompliance with Local Rule 230(b)); Min. Order, *Harper v. City of Merced*, 18-00562 (E.D. Cal. Jan. 3, 2019), ECF No. 27 (noncompliance with minute order ordering parties to file joint scheduling report; court noted defendants' inability to meet and confer with Mr. Goff). And in this case, as noted above, Mr. Goff did not comply with the court's standing order requiring counsel to certify exhaustion of meet and confer efforts prior to filing any motions.

Fifth, Mr. Goff also has a pattern of making late filings. *See, e.g.*, Ex Parte Appl., *Garcia v. Yuba City Sherriff's Dep't.*, 19-2621 (E.D. Cal. May 2, 2021), ECF No. 39 (ex parte application to file late response); Ex Parte Appl., *McAdams v. El Dorado County*, 20-01290 (Apr. 30, 2021), ECF No. 7 (ex parte application for leave to file late response to order to show cause); Ex Parte Appl., *Wooten v. Butte Cnty.*, No. 19-0940 (E.D. Cal. Jan. 27, 2021), ECF No. 27 (ex parte application for leave to file late separate statement of undisputed facts); Ex Parte Appl., *Mosteiro v. San Joaquin County*, 19-00593 (E.D. Cal. Apr. 22, 2021), ECF No. 20 (ex parte application to file late status report); Ex Parte Appl., *Burke v. Ditomas*, 18-01578 (E.D. Cal. July 15, 2021), ECF No. 43 (ex parte application to file late opposition brief). In this case, as noted above, Mr. Goff filed an ex parte application to file late summary judgment opposition documents. Ex Parte Appl. That Mr. Goff has so often had to scramble and file so many ex parte applications seeking leave to file belatedly suggests a level of disorganization that may jeopardize client representation as it creates extra work for the court.

4

### III.  CONCLUSION

Given the instances of concerning conduct and the patterns identified above, the court orders Mr. Goff to show cause within fourteen (14) days of the filed date of this order why the court should not take action to address the shortcomings in his practice before this court, including by imposing monetary sanctions in the amount of $999.00 and/or imposing a period of time during which Mr. Goff is ordered to take concrete corrective action and demonstrate his ability to comply with all applicable rules and the highest standards of practice expected by the court.  Mr. Goff's response must be in writing and may propose corrective steps Mr. Goff himself believes he can take to address the court's concerns, such as associating veteran co-counsel experienced in federal court practice without violating client confidentiality, ensuring calendaring and document management support from a legal assistant or paralegal, limiting the number of cases he accepts, or taking a certain number of continuing legal education classes within a defined period of time addressing the shortcomings the court has identified.

IT IS SO ORDERED.

DATED:  January 18, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE