UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Quiana Porter, | No. 2:20-cv-01554-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Yuba City Police Officers Escheman, Hansen, Jensen, Jurado, et al., | |
| Defendants. | |

After prevailing on a summary judgment motion, defendants filed a Bill of Costs, requesting reimbursement of $3,401.85 in fees for printed or electronically recorded deposition transcripts obtained for litigation purposes. Bill of Costs, ECF No. 84. The Bill of Costs itemizes no other costs and expenses. *Id.* Plaintiff filed late objections to the Bill of Costs. Opp'n, ECF No. 86; *see* E.D. Cal. L.R. 292(c) (" The party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection."). Defendants filed a reply a month later, responding to the objections. Reply, ECF No. 89. The court considers all the pleadings because doing so would not be prejudicial to either party.

Federal Rule of Civil Procedure 54 authorizes courts to award costs to the "prevailing party" in federal actions. Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse

1

1    to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir.
2    2000). This presumption is not rigid. *Fishgold v. Sullivan Drydock & Repair Corp.*,
3    328 U.S. 275, 283–84 (1946). In *Escriba v. Foster Poultry Farms, Inc.*, the Ninth Circuit held
4    "[a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case,
5    (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar
6    actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the
7    parties." 743 F.3d 1236, 1247–48 (9th Cir. 2014). This list is not "exhaustive . . . of good
8    reasons for declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (citation
9    and internal quotation marks omitted).

10        Plaintiff argues the costs should be denied on three grounds: 1) extreme financial burden;
11   2) substantial financial disparity between parties; and 3) chilling effect in future good faith civil
12   rights litigation. Opp'n at 2. Defendants argue plaintiff is not indigent and the costs were
13   incurred in part because of plaintiff's misrepresentations, which prolonged the dismissal of the
14   case. Reply at 2–4.

15       After carefully considering the *Escriba* factors and the parties' arguments, the court finds
16   a reduction of costs is warranted here. First, the court finds this case involves issues of
17   substantial public importance. Plaintiff brought a civil rights action and her underlying action
18   presented important issues about police conduct, use of excessive force and limits of police
19   power. *See, e.g.*, *Lopez v. Nguyen*, No. 13-3870, 2017 WL 512773, at *2 (N.D. Cal. Feb. 8, 2017)
20   (finding a section 1983 claim of excessive use of force by a law enforcement officer "is an issue
21   of substantial public importance"); *Economus v. City of San Francisco*, No. 18-01071, 2019 WL
22   3293292, at *2 (N.D. Cal. July 5, 2019), *report and recommendation adopted*, No. 18-01071,
23   2019 WL 3290761 (N.D. Cal. July 22, 2019) (collecting cases).

24       Second, the court finds granting costs may have a chilling effect on similar future actions.
25   In *Stanley v. University of Southern California*, the Ninth Circuit found the district court abused
26   its discretion in failing to consider the "chilling effect of imposing such high costs on future civil
27   rights litigants," reasoning "imposition of such high costs on losing civil rights plaintiffs of
28   modest means may chill civil rights litigation in this area." 178 F.3d 1069, 1079–80 (9th Cir.

1999); *see also Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016) (finding a cost award of $3,018.35 "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons"). Here, plaintiff initiated her action in forma pauperis. Order Granting In Forma Pauperis (IFP) Status, ECF No. 9. Imposing costs against plaintiff, an individual with limited financial means, would likely deter similarly situated litigants, especially those proceeding in forma pauperis, from bringing similar claims of civil rights violations under section 1983.

Third, the court finds the imposition of the full amount of costs would be a significant financial burden on plaintiff and her family. Plaintiff initiated this action pro se and for the purposes of this matter, plaintiff was indigent and proceeded in forma pauperis. *See* Order Granting IFP Status. She is the head of a household of three children and has a husband who is severely disabled. Porter Decl. ¶ 2, ECF No. 86-1. However, it appears her financial circumstances have changed. In her initial application for IFP status, she declared she received supplemental security income (SSI) in the amount of $938 per month and had no other source of income. Mot. IFP, ECF No. 2. Plaintiff now declares under penalty of perjury that her total monthly income is approximately $4,500. Porter Decl. ¶ 2. Plaintiff has also obtained counsel. *See* Substitution of Counsel, ECF No. 6.

Defendants argue plaintiff is not indigent and the cost bill is "relatively low." Reply at 3 (citing *Save Our Valley v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003), which found $5,310.55 is a "relatively small sum"). Whether the sum is "low" is relative to the person who must pay the cost. *See, e.g.*, *Sengenberger v. Townsend*, 473 F.3d 914, 914 (9th Cir. 2006) (declining to award costs in the sum of $301 against an indigent prisoner). Here, awarding defendants costs in the sum of $3,401.85, approximately 75 percent of her monthly income, would pose a significant financial burden on plaintiff and her family.

Fourth, the court finds there is economic disparity between the parties. As explained above, plaintiff has shown she has limited financial resources. In contrast, defendants are government employees and the governmental entity of the City of Yuba City. *See, e.g.*, *Berrera v. Sivyer*, No. 15-00610, 2020 WL 636489, at *2 (E.D. Cal. Feb. 11, 2020) (noting "the economic disparity between the indigent plaintiff and the State of California is vast").

3

At the same time, the court recognizes defendants seek to recover only the additional costs they incurred by having to conduct further discovery on the statute of limitations issue, in part, because of plaintiff's contradictory statements. After balancing the circumstances of this case with the factors set forth in *Escriba*, the court finds a reduction of costs to $350 is appropriate here. *See, e.g., Conn v. City of Reno*, No. 05-00595, 2012 WL 4194560, at *4 (D. Nev. Sept. 19, 2012) (reducing costs by 50% after balancing the factors). However, the court finds the delays in this case were due in part to the actions of plaintiff's counsel. *See* Order to Show Cause, ECF No. 83. Therefore, the cost shall be paid solely by plaintiff's counsel and not passed along to plaintiff.

For the reasons above, the court **denies defendants' request for costs in part. Costs are awarded in favor of defendants and against plaintiff's counsel in the amount of $350**. The costs shall be paid **within 30 days** of the filing date of this order.

This order resolves ECF No. 84.

IT IS SO ORDERED.

DATED: March 30, 2023.

CHIEF UNITED STATES DISTRICT JUDGE